**COMMUNICATIONS WORKERS OF AMERICA, LOCAL 13000, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

**Verizon Pennsylvania, Inc., Intervenor.**

No. 03–1294.

United States Court of Appeals,
District of Columbia Circuit.

May 24, 2004.

Richard H. Markowitz, Markowitz & Richman, Philadelphia, PA, for Petitioner.

Jill A. Griffin, Attorney, Arthur F. Rosenfeld, Aileen A. Armstrong, Deputy Associate General Counsel, John H. Ferguson, Assistant General Counsel, David S. Habenstreit, Attorney, Jeffrey Lawrence Horowitz, Attorney, Washington, DC, for Respondent.

Willis Jay Goldsmith, Jack William Campbell, IV, Washington, DC, for Intervenor.

Before GINSBURG, Chief Judge, and GARLAND and ROBERTS, Circuit Judges.

## JUDGMENT

PER CURIAM.

This petition for review of an order of the National Labor Relations Board (NLRB) was considered on the briefs and appendix filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED** and **ADJUDGED** that the NLRB's Decision and Order deferring to an arbitration award be affirmed.

This court has upheld the NLRB's practice of deferring to an arbitrator's award if: (1) the arbitrator faced and considered the unfair labor practice issue; (2) the arbitration proceedings were fair and regular; (3) the parties agreed by contract to be bound by the arbitrator's award; and (4) the arbitrator's award is not "clearly repugnant to the purposes and policies of the [National Labor Relations] Act." *Utility Workers Union of America, Local 246, AFL–CIO v. NLRB*, 39 F.3d 1210, 1213 (D.C.Cir.1994). An award is "clearly repugnant" to the Act only if it is "palpably wrong" or "not susceptible to an interpretation consistent with the Act." *Id.* at 1213 (quoting *Olin Corp.,* 268 N.L.R.B. 573, 574 (1984)). We review the NLRB's decision to defer to an arbitrator solely for abuse of discretion. *Id.*

On May 14, 1998, an impartial arbitrator found that Bell Atlantic–Pennsylvania did not violate either its collective bargaining agreement with Communications Workers of America, Local 13000 or the National Labor Relations Act when it promulgated a rule prohibiting employees who had visible contact with customers from wearing "Road Kill" shirts, and disciplined workers who wore the shirts. The "Road Kill" shirt depicted a squashed, rodent-like carcass labeled "Bell Atlantic employees" ly-

ing in a pool of blood on the "Information Superhighway" as trucks labeled "Bell Atlantic" and "AT&T" passed by. On August 21, 2003, the NLRB deferred to the arbitration award in favor of Bell Atlantic, and the union now petitions for review.

Although the union concedes that the first three conditions for deference are satisfied, it contends that the fourth is not. We cannot conclude, however, that the Board abused its discretion in ruling that, "although the Road Kill shirt was protected under Section 7, it was not repugnant or 'palpably wrong' for the arbitrator to find that employees' Section 7 interests may give way to the Respondent's legitimate interests in protecting its public image under the circumstances of this case." 339 N.L.R.B. No. 139, at 4, 2003 WL 22012216 (2003) (J.A. 4); *see NLRB v. Mead Corp.,* 73 F.3d 74, 79 (6th Cir.1996) (noting that an employer may restrict its workers' right to wear union apparel in "special circumstances," which may arise when employees have significant contact with customers, when the apparel denigrates the company's business, and when the "slogans are patently offensive or vulgar"). In concluding that the arbitrator's decision was not repugnant or palpably wrong, the NLRB did not—and did not have to—decide whether it would have reached the same result on its own. *See Utility Workers,* 39 F.3d at 1214. Neither, of course, do we.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).